DECISION
This matter is before the Court on Petitioner, Brad Russo's application for post-conviction relief seeking to vacate the sentence imposed following his conviction for reckless driving on June 22, 2006.
This Court, after finding the Petitioner guilty, imposed a sentence of one year probation and 100 hours of community service.
The Court conducted a hearing on Petitioner's application for post-conviction relief on October 1, 2007. Petitioner testified in support of his petition and offered several documents to corroborate his testimony.
Petitioner seeks to vacate only the sentence imposed by this Court on June 22, 2006 pursuant to R.I.G.L. § 10-9.1-1(4) of the Post Conviction Relief Act. This section provides in part:
 Any person who has been convicted of, or sentenced for, a crime, a violation of law, a violation of probationary or deferred sentence status and who claims:
 (4) That there exists evidence of material facts, not previously presented or heard, that requires vacation of the conviction or sentence in the interest of justice;
The evidence before the Court can be summarized as follows. Petitioner has completed his probation and community service as required by this Court's sentence. He seeks to vacate this sentence, however, because he presently has an application pending *Page 2 
before the Lincoln Fire Commission seeking to join the Town of Lincoln's Fire Department.
At the outset of this hearing, the parties stipulated to certain facts that would have been testified to by John Shea, a member of the Lincoln Fire Commission. It is stipulated that Mr. Shea was of the opinion that because of petitioner's conviction for reckless driving, it was more than likely the Commission would look to a person without a criminal record in considering firefighter applications.
The petitioner is a 2006 graduate of Salve Regina University. He received a Bachelor of Arts degree in Criminal Justice and is currently an apprentice ironworker for Capco Steel at a wage rate of twenty dollars per hour.
Petitioner explained his motivation in seeking employment as a firefighter at this time is that he has many friends that work in the fire department and serving in this capacity would allow him to feel more connected to the community.
The State objects to this application for post-conviction relief on several grounds. The State insists that petitioner's prior interest in a law enforcement career, and his present interest in applying for another public safety position as a firefighter, are similar in nature. The State also contends the evidence introduced, relating to petitioner's contention that this conviction may constitute an impediment to favorable consideration for employment as a firefighter, is neither new nor material information as contemplated by § 10-9.1-1(4). The State also argues that the interest of justice does not compel vacating the Court's original sentence.
In order to grant this petition for post-conviction relief, the Court must find that the evidence establishes, by a preponderance of the evidence, that there are material facts *Page 3 
before the Court that were not previously presented or considered at the time of sentencing and, that these facts require vacating the sentence in the interest of justice.
The petitioner urges this Court to vacate the probation order and to then file this matter for one year retroactive to June 22, 2006.
Petitioner's argument for a filing of this matter was also made and rejected by this Court on June 22, 2006. At that time, the Court was also aware of petitioner's course of study, criminal justice, and that he had an interest in pursuing a career in law enforcement. With this information before the Court, a probationary sentence was imposed.
This Court appreciates and commends petitioner's desire to now seek employment in a related public safety position. It is also clear that his reckless driving conviction places him in a less favorable position in obtaining such employment. This information, however, is not materially different from the information placed before the Court at the time of sentencing.
Moreover, this Court is reluctant to embrace the notion that this sentence should be vacated in the interest of justice when a conviction creates an impediment to employment. While such a result is unfortunate, it is not unexpected. Every conviction carries potential employment ramifications. This Court would find it patently unjust to the many defendants similarly situated if it found that the employment ramifications in this case warranted relief from the sentence imposed.
 CONCLUSION
For the reasons stated herein, the Petitioner's application for post-conviction relief is denied and dismissed. *Page 1